**WO**                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Martin, | ) No. CV 05-2056-PHX-SMM (JRI) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Phoenix, City of, et al., | ) |
| Defendants. | ) |

Plaintiff Phillip Martin, currently confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will order Defendants to answer the Counts I and III, and the remaining Count will be dismissed without prejudice.

**A.    Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**TERMPSREF**

1    Plaintiff should take notice that if he is released before the filing fee is paid in full, he
2 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
3 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
4 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
5 he is unable to pay the remainder of the filing fee.

6 **B.    Statutory Screening of Prisoner Complaints**

7    The Court is required to screen complaints brought by prisoners seeking relief against
8 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
9 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
10 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
11 may be granted, or that seek monetary relief from a defendant who is immune from such
12 relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion
13 thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C.
14 § 1997e(a).

15 **C.    Complaint**

16    Plaintiff names as Defendants (1) the City of Phoenix, (2) the Phoenix Police
17 Department, (3) John Doe #1, (4) John Doe #2, and (5) John Doe #3. Plaintiff asserts that
18 Defendant City of Phoenix owned, operated, and authorized the Phoenix Police Department
19 to arrest citizens and Defendant Phoenix Police Department hired, trained, employed, and
20 authorized city police officers to make arrests. Plaintiff sets forth the following causes of
21 action.

22 *Count I*

23    Plaintiff alleges that Defendants John Doe #1, #2, and #3 used excessive force in
24 arresting him. Plaintiff alleges that the Defendant officers approached him and asked for
25 identification. When he refused to provide identification and turned to walk away, the
26 officers grabbed him by the waist and shoulders and forced Plaintiff to the ground. Plaintiff
27 maintains that he hit the ground with his arms spread eagled, when Defendant John Doe #3
28

TERMPSREF                                      - 2 -

1 appeared and slammed his knee into the back of Plaintiff's head.  Plaintiff alleges that as a
2 result of the attack, he suffered from a broken cheekbone and lost teeth.

3 *Count II*

4     Plaintiff alleges that Defendants John Doe #1, #2, and #3 used excessive force, as
5 described in Count I, to arrest him.  After being booked, he was seen by various medical
6 personnel, who diagnosed him with a cheek fracture and two loose teeth.  Approximately two
7 months later, a plastic surgeon repaired the fracture and removed the teeth.

8 *Count III*

9     Plaintiff alleges that Defendant Officers John Doe #1, #2, and #3 were deliberately
10 indifferent to his medical needs. Plaintiff alleges that the Defendants refused to transport him
11 to get immediate medical attention.  As a result, he suffered additional pain due to the broken
12 cheekbone and lost teeth.  Plaintiff seeks monetary relief.

13 **D.**    **Failure to State a Claim.**

14     In Count II, Plaintiff sets forth the injuries he suffered as a result of the excessive
15 force, as set forth in Count I.  Count II does not allege a separate cause of action and will thus
16 be dismissed without prejudice.

17 **E.**    **Claims For Which An Answer Will be Required.**

18     At this early stage, Plaintiff has sufficiently alleged a claim of excessive force and
19 deliberate indifference to his medical needs.  Defendants City of Phoenix and the Phoenix
20 Police Department will be ordered to answer Counts I and III.

21     Plaintiff, however, has not named three of the Defendants.  Instead, he has named
22 unknown "John Does."  Generally, the use of anonymous type appellations to identify
23 defendants is not favored.  Rule 10(a) of the Federal Rules of Civil Procedure requires the
24 plaintiff to include the names of the parties in the action.  As a practical matter, it is
25 impossible in most instances for the United States Marshal or his designee to serve a
26 summons and complaint or amended complaint upon an anonymous defendant.

27     The Ninth Circuit has held that where identity is unknown prior to the filing of a
28 complaint, the plaintiff should be given an opportunity through discovery to identify the

TERMPSREF
- 3 -

1 unknown defendants, unless it is clear that discovery would not uncover the identities, or that
2 the complaint would be dismissed on other grounds. <u>Wakefield v. Thompson</u>, 177 F.3d
3 1160, 1163 (9th Cir. 1999). Plaintiff may use the discovery processes to obtain the names
4 of the persons whom he believes violated his constitutional rights. If Plaintiff discovers the
5 true identity of these fictitious parties through the discovery process, or otherwise, he may
6 seek leave of the Court to amend his complaint to name the individuals in place of
7 Defendants John Doe #1, #2, and #3.

**F.     Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating that a district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 1) is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) Count II is dismissed without prejudice.

(4) Defendants City of Phoenix and the Phoenix Police Department will be required to answer Counts I and II.

(5) The Clerk of Court shall send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants City of Phoenix and the Phoenix Police Department.

1     (6) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

    (8) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

    (9) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

        (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure;

        (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(14) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(15) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

1   (16) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to the Local
2  Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

4   DATED this 31st day of October, 2005.

*Stephen M. McNamee* (signature)
Stephen M. McNamee
Chief United States District Judge